Model Plan  
10/15/2010

Trustee: ☐ Marshall  ☐ Meyer  
■ Stearns  ☐ Vaughn

**UNITED STATES BANKRUPTCY COURT**  
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **In re:** ) | **Case No. 11-08941** |
| ) | |
| Randy G. Bibb ) | ☐ Original Chapter 13 Plan |
| Deborah A. Bibb ) | |
| ) | |
| **Debtors.** ) | ■ Modified Chapter 13 Plan, dated 7/13/11 |

■  **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**  
*Budget items*

**1.** As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is __2__; (b) their ages are __2 adult__; (c) total household monthly income is $ __5,157.21__; and (d) total monthly household expenses are $ __2,240.00__, leaving $ __2,917.21__ available monthly for plan payments.

**2.** The debtor's Schedule J includes $ __N/A__ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for __N/A__ months prior to filing this case.

**Section B.**  
*General provisions*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

**2.** Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of any cure amount specified in Paragraph 5 of Section E, the standing trustee shall file and serve upon the mortgagee, the debtor, and any attorney for the debtor a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the mortgagee is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations, (3) that if the debtor has failed to make timely payments of any postpetition obligations, the mortgagee is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the mortgagee fails to file and serve a statement of outstanding obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the mortgagee does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the

1

court, on notice to the mortgagee and the standing trustee, with the court resolving the challenge as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the mortgagee to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the trustee to serve the notice required by this subparagraph.

(c) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder. Otherwise, any such costs of collection shall be claimed pursuant to subparagraph (b) above.

**3.** The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

**4.** The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

■ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:
    Creditor:  **-NONE-**           , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ **2,139.30** monthly for **4** months [and $ **2,945.00** monthly for an additional **56** months], for total payments, during the initial plan term, of $ **173,477.20** . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at **5.50**% of plan payments; and

*the trustee* during the initial plan term, totaling $ **9,541.52** . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt.  The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

(a) To creditor  **Chase Home Finance** , monthly payments of $ **1,365.00** . These payments, over the term of the plan, are estimated to total $ **81,900.00** .

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ **81,900.00** . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

(a) Creditor: **Santander**          Collateral:**2005 Chrysler Sebring**
Amount of secured claim: $ **5,650.00** APR **3** %     Fixed monthly payment:$ **101.52** ;
Total estimated payments, including interest, on the claim: $**6,091.20**. ☐ Check if non-PMSI
(b) Creditor: **VAMCO**          Collateral:**2006 Nissan Extera**
Amount of secured claim: $ **15,275.00** APR **5.25** %     Fixed monthly payment:$ **290.01** ;
Total estimated payments, including interest, on the claim: $**17,400.60**. ■ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **23,491.80** . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.*  The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority.  No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
(a) Creditor: **HSBC -- Ocwen Loan Processing**   Collateral:**251 Holiday Lane, Hainsville, Illinois 60073**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **3,500.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee.  Any such

reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor __Chase Home Finance__ , arrears of $ __24,294.10__ , payable monthly from available funds, pro rata with other mortgage arrears,

■ without interest /or/ ☐ with interest at an annual percentage rate of _____%.
These arrearage payments, over the term of the plan, are estimated to total $ __24,294.10__ .

The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated to be $ __24,294.10__ . [Enter this amount on Line 2e of Section H.]

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: __-NONE-__ shall be paid at __N/A__ % of the allowed amount. The total of all payments to this special class is estimated to be $ __N/A__ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: __N/A__ .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ■ to the extent possible from the payments set out in Section D, but not less than __10__ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of __N/A__ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

| | | | |
|---|---|---|---|
| **Section H.** *Summary of payments to and from the trustee* | (1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) | | $ 173,477.20 |
| | (2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims): | | |
| | (a) Trustee's fees | $ 9,541.52 | |
| | (b) Current mortgage payments | $ 81,900.00 | |
| | (c) Payments of other allowed secured claims | $ 23,491.80 | |
| | (d) Priority payments to debtor's attorney | $ 3,500.00 | |
| | (e) Payments of mortgage arrears | $ 24,294.10 | |
| | (f) Payments of non-attorney priority claims | $ 0.00 | |
| | (g) Payments of specially classified unsecured claims | $ 0.00 | |
| | (h) Total *[add Lines 2a through 2g]* | | $ 142,727.42 |
| | (3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* | | $ 30,749.78 |
| | (4) Estimated payments required after initial plan term: | | |
| | (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ 83,505.97 | |
| | (b) Minimum GUC payment percentage | 10 % | |
| | (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ 8,350.60 | |
| | (d) Estimated interest payments on unsecured claims | $ 0.00 | |
| | (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ 8,350.60 | |
| | (f) Payments available during initial term *[enter Line 3]* | $ 30,749.78 | |
| | (g) Additional payments required *[subtract Line 4f from Line 4e]* | | $ -22,399.18 |
| | (5) Additional payments available: | | |
| | (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ N/A | |
| | (b) Months in maximum plan term after initial term | N/A | |
| | (c) Payments available *[multiply line 5a by line 5b]* | | $ N/A |
| **Section I.** *Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. | | |

**Signatures** **Debtor(s) [Sign only if not represented by an attorney]**

_____     _____     **Date** _____

**Debtor's Attorney**  /s/ Penelope N. Bach                                **Date** July 13, 2011

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                Best Case Bankruptcy

| | |
|---|---|
| *Attorney Information (name, address, telephone, etc.)* | **Penelope N. Bach 06284659**<br>**Bach Law Offices**<br>**P.O. Box 1285**<br>**Northbrook, IL 60065**<br>**(847) 564-0808**<br>**Fax: (847) 564-0985** |

## **Special Terms** *[as provided in Paragraph G]*

unsecured claims filed after the claim bar date shall not be paid

**The Secured Claim of Ocwen Loan Processing will be avoided as completely unsecured and stripped off pursuant to an Adversary Comlaint and the claim of Ocwen Loan Processing shall be treated as an unsecured non priority claim and shall be paid as an unsecured claim**

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                                                                       Best Case Bankruptcy

```
                        United States Bankruptcy Court
                         Northern District of Illinois

In re:                                                  Case No. 11-08941-ABG
Randy G Bibb                                            Chapter 13
Deborah A Bibb
        Debtors                  CERTIFICATE OF NOTICE
District/off: 0752-1          User: froman                Page 1 of 2        Date Rcvd: Jul 14, 2011
                              Form ID: pdf003             Total Noticed: 67


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 16, 2011.
db/jdb        +Randy G Bibb,    Deborah A Bibb,     251 Holiday Lane,    Hainesville, IL 60073-3195
aty           +Paul M Bach,    Bach Law Offices,     P.O. Box 1285,    Northbrook, IL 60065-1285
aty           +Penelope N Bach,    Bach Law Offices,     P.O. Box 1285,    Northbrook, IL 60065-1285
tr            +Glenn B Stearns,    4343 Commerce Court, Ste 120,    Lisle, IL 60532-3614
16910360      +Advocate Good Sheperd Hosptital,     450 West Highway 22,    Barrington, IL 60010-1999
16910361      +Alexian Bros Medical Center,    Lock Box 22589,    22589 Network Place,   Chicago, IL 60673-1225
16910363      +BP Gas Card,    P.O. Box 15298,    Wilmington, DE 19850-5298
16910362       BP Gas Card,    CardMember Services 15325,    Wilmington, DE 19886-5325
16910365       Capital One,    P.O. Box 30285,    Salt Lake City, UT 84130-0285
16910364       Capital One,    P.O. Box 6492,    Carol Stream, IL 60197-6492
17195423       Capital One Bank (USA), N.A.,     by American InfoSource LP as agent,    PO Box 71083,
                Charlotte, NC 28272-1083
16910369       Chase,   P.O. Box 15298,    Wilmington, DE 19850-5298
16910367       Chase,   P.O. Box 15153,    Wilmington, DE 19886-5153
16910366      +Chase,   Attention: Bankruptcy Department,     PO Box 100018,    Kennesaw, GA 30156-9204
16910368      +Chase,   Cardmember Services,    P.O. Box 15153,    Wilmington, DE 19850-5153
16910370      +Chase Home Finance,    P.O. Box 509011,    10790 Rancho Bernandro Road,   San Diego, CA 92127-5705
16910371      +Chase Mortgage Company,    P.O. Box 24714,    Columbus, OH 43224-0714
16910373       Chase-AOL,    CardMember Services,   P.O. Box 15548,    Wilmington, DE 19886-5548
16910372       Chase-Amazon,    Cardmember Services,    P.O. Box 15548,    Wilmington, DE 19886-5548
16910374      +ChexSystems,    Attn Consumer Relations,    7805 Hudson Road Suite 100,   Saint Paul, MN 55125-1703
16910376      +Citi Cards,    PO Box 6000,   The Lakes, NV 88901-6000
16910375      +Citi Cards,    Processing Center,   Des Moines, IA 50363-0001
16910377      +Citi Cards,    P.O. Box 6077,    Sioux Falls, SD 57117-6077
16910378       Citi Cards,    P.O. Box 6000,    The Lakes, NV 89163-6000
16910380       CitiFinancial,    2038 N. Richmond Road,    McHenry, IL 60051-5419
16910379       Citifinancial,    P.O. Box 6931,    The Lakes, NV 88901-6931
17224001      +Deutsche Bank National Trust Company,     c/o Codilis & Associates, P.C.,
                15W030 North Frontage Road, Suite 100,     Burr Ridge, IL 60527-6921
16910383      +Equifax Information Services,    P.O. Box 740256,    Atlanta, GA 30374-0256
16910384      +Experian,    P.O. Box 2002,   Allen, TX 75013-2002
16910385       Fingerhut,    P.O. Box 166,   Newark, NJ 07101-0166
16910386       First Equity Card Corp,    P.O. Box 23029,    Columbus, GA 31902-3029
17166688      +HSBC Bank Nevada, N.A.,    by PRA Receivables Management, LLC,    PO Box 12907,
                Norfolk VA 23541-0907
17013771      +HSBC Bank USA, N.A.,,    c/o Ocwen Loan Servicing, LLC,    Attn: Bankruptcy Department,
                1661 Worthington Rd,    Suite 100 West Palm Beach, FL 33409-6488
16910392       HSBC Card Services,    P.O. Box 80084,    Salinas, CA 93912-0084
16910393       HSBC Orchard Bank,    HSBC Card Services,    P.O. Box 88000,   Baltimore, MD 21288-0001
16910388       Home Depot Credit Services,    Processing Center,    Des Moines, IA 50364-0500
16910389       Home Depot Credit Services,    PO Box 653000,    Dallas, TX 75265-3000
16910395       Juniper,    Card Services,   P.O. Box 13337,    Philadelphia, PA 19101-3337
16910394       Juniper,    Card Services,   PO Box 8802,    Wilmington, DE 19899-8802
16910396       Marathon Petroleum,    P.O. Box 740109,    Cincinnati, OH 45274-0109
16910397      +Marathon Petroleum Company LP,    PO Box 81,    Findlay, OH 45839-0081
16910400      +Ocwen Loan Processing,    PO Box 785053,    Orlando, FL 32878-5053
17284524      ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
                (address filed with court: Portfolio Recovery Associates, LLC,     c/o Chase Bank USA, N.A.,
                POB 41067,    Norfolk VA 23541)
17440793      ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
                (address filed with court: Portfolio Recovery Associates, LLC,     c/o Shell,   PO Box 41067,
                Norfolk VA 23541)
17302243      ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
                (address filed with court: Portfolio Recovery Associates, LLC,     c/o THD,   POB 41067,
                Norfolk VA 23541)
16910401       Revenue Cycle Solutions,    PO Box 361230,    Birmingham, AL 35236-1230
16910402      +Santander,    PO Box 562088,   Suite 900 North,    Dallas, TX 75356-2088
16926757      +Santander Consumer USA Inc.,    DBA CitiFinancial Auto,    8585 N. Stemmons Fwy., Ste 1100-N,,
                Dallas, TX 75247-3822
16910404       Shell Credit Card,    P.O. Box 689151,    Des Moines, IA 50368-9151
16910403       Shell Credit Card,    Processing Center,    P.O. Box 183018,   Columbus, OH 43218-3018
16910405       TransUnion,    P.O. Box 2000,   Crum Lynne, PA 19022
16910406      +VAMCO,   1001 East Touhy Avenue,    Des Plaines, IL 60018-2898
16967195       eCAST Settlement Corporation, assignee,     of Chase Bank USA, N.A.,    POB 29262,
                New York, NY 10087-9262
17388137       eCAST Settlement Corporation, assignee,     of CitiFinancial, Inc.,    POB 29262,
                New York, NY 10087-9262
16967194       eCAST Settlement Corporation, assignee,     of Citibank (South Dakota), N.A.,   POB 29262,
                New York, NY 10087-9262
```

```
District/off: 0752-1           User: froman                Page 2 of 2                  Date Rcvd: Jul 14, 2011
                               Form ID: pdf003             Total Noticed: 67

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
16915321       E-mail/PDF: BNCEmails@blinellc.com Jul 14 2011 23:43:22      CR Evergreen, LLC,    MS 550,
               PO Box 91121,    Seattle, WA 98111-9221
16910382       E-mail/PDF: mrdiscen@discoverfinancial.com Jul 14 2011 23:43:24      Discover Card,
               P.O. Box 30395,   Salt Lake City, UT 84130-0395
16910381       E-mail/PDF: mrdiscen@discoverfinancial.com Jul 14 2011 23:43:24      Discover,    P.O. Box 6103,
               Carol Stream, IL 60197-6103
16930931       E-mail/PDF: mrdiscen@discoverfinancial.com Jul 14 2011 23:43:24      Discover Bank,
               DB Servicing Corporation,    PO Box 3025,   New Albany, OH 43054-3025
17426697       E-mail/Text: bnc-genesis@quantum3group.com Jul 14 2011 22:39:06      GC Iv, LLC,
               Quantum3 Group LLC,    PO Box 788,    Kirkland, WA 98083-0788
17503682       E-mail/PDF: gecsedi@recoverycorp.com Jul 14 2011 23:43:37      GE Money Bank,
               c/o Recovery Management Systems Corporat,    25 SE 2nd Ave Suite 1120,    Miami FL 33131-1605
16910391      +E-mail/Text: bkr@cardworks.com Jul 14 2011 22:38:30      Hooters Mastercard,    P.O. Box 9201,
               Old Bethpage, NY 11804-9001
16910390       E-mail/Text: bkr@cardworks.com Jul 14 2011 22:38:30      Hooters Mastercard,    P.O Box 5721,
               Hicksville, NY 11802-5721
16910399      +E-mail/Text: bkr@cardworks.com Jul 14 2011 22:38:30      Merrick Bank,    P.O. Box 9201,
               Old Bethpage, NY 11804-9001
17037900       E-mail/Text: bkr@cardworks.com Jul 14 2011 22:38:30      Merrick Bank,
               c/o Resurgent Capital Services,   PO Box 10368,   Greenville, SC 29603-0368
16910398      +E-mail/Text: bkr@cardworks.com Jul 14 2011 22:38:30      Merrick Bank,    P.O. Box 5721,
               Hicksville, NY 11802-5721
17176814      +E-mail/Text: vamcocu@aol.com Jul 14 2011 22:38:47      VAMCO CREDIT UNION,    1001 E. Touhy Ave.,
               Des Plaines, IL 60018-2898
                                                                                              TOTAL: 12

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
16910387     ##+First Equity Card Corp.,    Account Inquiries,   P.O. Box 84075,   Columbus, GA 31908-4075
                                                                                              TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 9):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Jul 16, 2011**                **Signature:**    *Joseph Speetjens*